PRYOR, Circuit Judge,
concurring in part and dissenting in part:
I would affirm the judgment as a matter of law entered against Reid and Bennett. I do not see a critical difference between flyer 2 and the other flyers. Flyer 2 uses the term “convicted criminals” on the front alongside a photograph of Danny Bennett, but the other flyers use the terms “convicted felons” and “convicted criminals” on the same page that has a photograph Bennett. What protects the other flyers is the explanation beneath the photograph of Bennett (“Arrested and housed in the For-syth Jail, Bennett gave Paxton hundreds for his smear campaign on two occasions.”), but a nearly identical explanation (“This man, arrested and housed in the Forsyth County Jail, gave hundreds in cash to Paxton’s campaign on two different occasions.”) appears below the photograph of Bennett on the front of flyer 2. That explanation is important to all the flyers because all the flyers also display a photograph of at least one convicted felon.
We should not read the front of flyer 2 in isolation. The flyer has two pages, front and back. The two sides should be read together for the same reason that we read the statements and photographs on each side of each flyer together. The front of flyer 2 uses the term “convicted criminals,” and the back of the flyer has a photograph of a convicted criminal. The front of the flyer has a truthful assertion immediately below the photograph of Bennett (“This man, arrested and housed in the Forsyth County Jail, gave hundreds in cash to Paxton’s campaign on two different occasions.”). The reference to “convicted criminals” on the front of the flyer does not name or identify anyone. The reference to convicted criminals is included in a general question (“Should a Candidate for Sheriff finance his campaign using cash from convicted criminals?”) that is answered on the back of the flyer (“Ted Paxton thinks so.”). The answer on the *744 back appears on the same page with the photograph of Julien Bowen and a caption that identifies him as a convicted criminal (“Defeated Commissioner plead guilty to kidnapping his wife at gunpoint. His contributors are now giving thousands to Pax-ton.”). The answer on the back also appears above the general question, “It’s scary isn’t it?”, followed by the statement, “A candidate for Sheriff taking money from convicted criminals and their associates.”
The question on the front of flyer 2 is a common ploy in political propaganda that invites the reader to turn over the flyer and read the back. All three flyers use this ploy. The front of flyer 1 uses the beginning of a statement (“You know your Sheriff is doing a good job when ...”) that is finished on the back of the flyer (“... criminals are supporting his opponents [sic] campaign.”). The front of flyer 3 uses a question (“What do you think?”) that is followed by a more specific question on the back (“Should this Gang run your Sheriffs Office?”).
An average reader would consider that the nature of the medium, a campaign flyer, presents rhetorical hyperbole, and that reader would assume that Sheriff Dennis Hendrix placed the most damning assertion possible below the photograph of each person depicted. The reader would see the reference to convicted criminals in the general question on the front of flyer 2, but would also see that the most damning assertion about Bennett is that he had been arrested and housed in the jail. The reader also would read the answer on the back of the flyer alongside a photograph of a person identified as a convicted criminal.
I admit that this question is a close one, and I fully concur in the other aspects of the majority opinion. Perhaps the district court will be able to resolve this controversy on one of the alternative grounds for a judgment as a matter of law. A new trial of the claim of defamation as it relates only to flyer 2 several years after the election in which Hendrix was defeated would appear to be a colossal waste of resources. I respectfully dissent from that part of the majority opinion that reverses the judgment as a matter of law against Bennett’s complaint of defamation.